968 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vladimir ZATKO, Dr. Plaintiff-Appellant,
v.
James K. ROWLAND; Bernie Aispuro, Warden, Defendants-Appellees.
 No. 91-15385.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 29, 1992.
 
 MEMORANDUM**
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 Vladimir Zatko, a California state prisoner, appeals pro se the district court's denial of his motions for preliminary injunctions in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.
 
 
 2
 We reverse a district court's denial of a preliminary injunction only where the court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Religious Technology Center, Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989).
 
 
 3
 Here, the district court properly applied the two alternative tests set out by this court in City of Tenakee Springs v. Block, 778 F.2d 1402, 1407 (9th Cir.1985):
 
 
 4
 The first test requires that a court find (1) the moving party will suffer irreparable injury if the injunctive relief is not granted; (2) there is a substantial likelihood that the moving party will succeed on the merits; (3) in balancing the equities the nonmoving party will not be harmed more than the moving party is helped; and (4) granting injunctive relief is in the public interest.... The second test requires the moving party to demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips sharply in his favor.
 
 
 5
 The district court did not abuse its discretion in denying Zatko's motions for preliminary injunctions because Zatko failed to satisfy either of these standards for injunctive relief.
 
 
 6
 Several of Zatko's motions challenged conditions at Corcoran State Prison. Because Zatko was transferred to Pelican Bay State Prison, the district court properly denied his requests for injunctive relief as moot.
 
 
 7
 Zatko also sought injunctive relief based on allegedly inadequate medical treatment of his broken jaw. The defendants responded to his motion with affidavits detailing Zatko's extensive medical treatment and Zatko's interference with his treatment. Moreover, the allegedly deficient treatment was rendered by officials at Corcoran State Prison, and Zatko has been transferred to Pelican Bay State Prison. Given these circumstances, the district court did not err by denying this request for injunctive relief.
 
 
 8
 Two of Zatko's motions challenged the Board of Prison Terms' denial of parole. The district court did not abuse its discretion by informing Zatko that he should bring his claims in a 28 U.S.C. § 2254 habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475 (1989).
 
 
 9
 Zatko also sought transfer to a mental health institution on the ground that he is mentally ill. The district court applied the correct legal standard and did not abuse its discretion by finding that Zatko failed to meet his burden that he would suffer irreparable harm if he were not transferred.
 
 
 10
 Zatko also filed two motions for injunctive relief challenging conditions at Pelican Bay State Prison. Conditions at Pelican Bay are not the subject of the underlying action, and the district court did not abuse its discretion by denying the motion.
 
 
 11
 Finally, the district court did not abuse its discretion by denying Zatko's motion opposing the defendants' request for an extension of time to reply to his motions for injunctive relief.
 
 
 12
 On appeal, Zatko has submitted a copy of a motion for a preliminary injunction dated May 13, 1991 challenging prison conditions. This motion was filed in the district court after the district court issued its February 8, 1991 order that is the subject of this appeal. Accordingly, we do not consider the May 13, 1991 motion.
 
 
 13
 Zatko's request for appointment of counsel is denied.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3